**No. 26-1506**

**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT**

STATE OF CALIFORNIA; COMMONWEALTH OF MASSACHUSETTS; STATE OF NEVADA; STATE OF WASHINGTON; STATE OF ARIZONA; STATE OF COLORADO; STATE OF CONNECTICUT; STATE OF DELAWARE; DISTRICT OF COLUMBIA; STATE OF ILLINOIS; STATE OF MAINE; STATE OF MARYLAND; STATE OF MICHIGAN; STATE OF MINNESOTA; STATE OF NEW JERSEY; STATE OF NEW MEXICO; STATE OF NEW YORK; STATE OF NORTH CAROLINA; STATE OF OREGON; STATE OF RHODE ISLAND; STATE OF VERMONT; COMMONWEALTH OF VIRGINIA; STATE OF WISCONSIN; JOSH SHAPIRO, in the official capacity as Governor of the Commonwealth of Pennsylvania,

*Plaintiffs-Appellees,*

*v.*

DONALD J. TRUMP, in the official capacity as President of the United States, *et al.*,

*Defendants,*

STATE OF ALABAMA; STATE OF MISSOURI; STATE OF FLORIDA; STATE OF INDIANA; STATE OF KANSAS; STATE OF LOUISIANA; STATE OF MONTANA; STATE OF NEBRASKA; STATE OF OKLAHOMA; STATE OF SOUTH CAROLINA; STATE OF SOUTH DAKOTA; STATE OF TEXAS,

*Interested Parties-Appellants,*

**PLAINTIFFS-APPELLEES'
OPPOSITION TO MOTION TO EXPEDITE APPEAL**

## INTRODUCTION

Plaintiff States oppose Interested Parties-Appellants' motion to expedite this appeal. Appellants have not justified their request for an extraordinarily expedited briefing schedule, given their continuing ability to participate in the pending district court proceedings as both amici in this case and as defendant-intervenors in a consolidated case. Appellants do not explain how, specifically, expediting the appeal will materially alter their ability to protect any interests they may have in this case. That is especially so because the pending summary judgment motion seeks to enjoin implementation of the challenged Executive Order only "as to Plaintiff States." Indeed, Appellants' motion fails to acknowledge the limited scope of requested injunctive relief in this case, which was one of the primary bases on which the district court denied them permissive intervention and is a distinguishing characteristic that separates this case from the other challenges to the Executive Order in which Appellants have been allowed to permissively intervene.

Appellants' motion also fails to acknowledge the prejudice their proposed schedule would cause for Plaintiff States, who have existing deadlines—including in the pending district court proceedings in this case—during the extraordinarily short 7-day briefing period that Appellants suggest. The motion should be denied, and a standard briefing schedule should be entered in the ordinary course. Appellants would remain free, of course, to shorten the appellate process by filing

their opening brief early. *See* Fed. R. App. P. 31(a)(1) (setting appellees' answering brief deadline as "30 days after the appellants' brief is served").

## BACKGROUND

1. Plaintiff States challenge an Executive Order entitled "Ensuring Citizenship Verification and Integrity in Federal Elections." Exec. Order No. 14399, 91 Fed. Reg. 17125 (Mar. 31, 2026).

Section 2 of the Executive Order directs the compilation and transmission of "State Citizenship Lists," derived from federal records and database sources, of "individuals confirmed to be United States citizens who will be above the age of 18 at the time of an upcoming Federal election and who maintain a residence in the subject State." Exec. Order No. 14399, § 2(a). Once compiled, the Department of Homeland Security must transmit the State Citizenship List to States' chief elections officials "no fewer than 60 days before each regularly scheduled Federal election[.]" *Id.* Section 2 threatens "prosecution of State and local officials or any others involved" in federal elections administration "who issue Federal ballots to individuals not eligible to vote in a Federal election," a category that apparently includes voters not on a State Citizenship List. *Id.* § 2(b).

Section 3 of the Executive Order attempts to alter the administration of mail voting. It directs that "no fewer than 90 days" before any federal election, "any State may choose to notify" the United States Postal Service (USPS) if the State

intends to allow mail-in or absentee ballots and whether it intends to submit to USPS a "list of voters eligible to vote" by mail in that election. Exec. Order No. 14399, § 3(b)(ii). Section 3 also prohibits USPS from transmitting a completed mail ballot from any voter not included on a USPS-generated list. *Id.* § 3(b)(iii), (iv). Like Section 2, Section 3 threatens criminal prosecution for States, elections officials, and voters. *Id.* § 3(a), (c). Section 3 also requires USPS to adopt regulations that govern numerous, specific aspects of mail ballots such as specific markings and tracking technology. *Id.* § 3(b), (d).

Section 5 of the Executive Order reiterates threats of prosecutions for State and local entities and elections officials, and demands that States preserve "all records and materials—excluding ballots cast—evidencing voter participation in any Federal election" for five years. Exec. Order No. 14399, § 5.

2. Plaintiff States filed their complaint in the U.S. District Court for the District of Massachusetts, challenging these provisions of the Executive Order. Dkt. 1. Defendants are the President and relevant federal agencies, entities, and officials directed to implement the Executive Order. *Id.* Plaintiff States and Defendants filed a joint motion for a dispositive briefing schedule, Dkt. 37, which the district court largely adopted, Dkt. 39. Plaintiff States have since filed their motion for summary judgment, which limited the requested injunctive relief to enjoining Defendants (except the President) from implementing the challenged

Executive Order provisions "as to Plaintiff States." Dkt. 97 at 2, 5-6. Defendants' opposition to that motion and their combined cross-motion to dismiss and for summary judgment is due May 7. *See* Dkts. 39, 88.

A parallel lawsuit challenging the Executive Order was filed in the same district court by nonprofit membership organizations dedicated to increasing voter participation. *See League of Women Voters of Mass. v. Trump*, No. 1:26-cv-11549-IT (D. Mass.). The *League of Women Voters* plaintiffs have moved for a preliminary injunction that would prevent USPS officials from implementing Section 3 of the Executive Order. *See* No. 1:26-cv-11549-IT (D. Mass.), Dkt. 73.

The district court consolidated the two cases for purposes of hearing the dipositive motions in this case together with the *League of Women Voters* plaintiffs' preliminary injunction motion and the federal government's cross-motion to dismiss and for summary judgment in that case. Dkt. 88. The court aligned the briefing schedules so Defendants could file combined, overlength briefs that address both cases together. *Id.* A hearing on the motions will be held June 2. *Id.*

Meanwhile, Defendants moved to transfer both cases to the U.S. District Court for the District of Columbia, where three other cases challenging the

Executive Order had been filed and consolidated. Dkt. 55.[1] Plaintiff States opposed the transfer motion, Dkt. 86, which the district court denied, Dkt. 126.

3. Appellants moved to intervene in this case while Defendants' motion to transfer was pending. Dkts. 73-74. Appellants did not attach a responsive pleading to their intervention motion, as Federal Rule of Civil Procedure 24(c) requires. *See* Dkts. 73-76. Instead, they submitted a proposed motion to transfer the case to the D.D.C. (which largely summarized and rehashed the transfer arguments already made by Defendants). *Compare* Dkt. 76 at 2-3, *with* Dkt. 56 at 5-15. Appellants also sought to intervene in the *League of Women Voters* case, again filing a proposed motion to transfer that case to D.D.C instead of attaching a responsive pleading. *See* No. 1:26-cv-11549-IT (D. Mass.), Dkts. 44-47.[2]

In response, Defendants argued that intervention as of right should be denied under Federal Rule of Civil Procedure 24(a) because, "to the extent [Appellants]

---

[1] *See DSCC v. Trump*, No. 1:26-cv-01114-CJN (D.D.C.); *League of United Latin Am. Citizens v. Exec. Office of the President*, No. 1:26-cv-01132-CJN (D.D.C.); *Nat'l Ass'n for the Advancement of Colored People v. Trump*, No. 1:26-cv-01151-CJN (D.D.C.).

[2] Appellants did, by contrast, attach a responsive pleading in their motion to intervene in the D.D.C. cases. *See* No. 1:26-cv-01114-CJN (D.D.C.), Dkt. 77-3. There, Appellants moved to dismiss on the ground that challenges to the Executive Order were nonjusticiable and "[f]undamentally . . . all premature." *Id.* at 9. The district court in D.D.C. denied Appellants' request for intervention as of right but allowed Appellants to intervene permissively in those consolidated cases. *See* Minute Order, No. 1:26-cv-01114-CJN (D.D.C. Apr. 30, 2026).

have an interest in this matter, it will be adequately represented by the United States, which intends to vigorously defend this suit." Dkt. 109 at 1. Defendants took no position on Appellants' request for permissive intervention under Rule 24(b). *Id.*

Plaintiff States opposed Appellants' intervention. Dkt. 113. As to intervention as of right, Plaintiff States argued that Appellants had not overcome the presumption of adequate representation by the federal government, given that they had not identified any concrete distinction between their interests and Defendants', nor any difference in likely strategy. *Id.* at 4-8. Plaintiff States also noted that Appellants' claimed interest in the case relied on the mistaken assumption that Plaintiff States sought nationwide injunctive relief—when, in fact, Plaintiff States' pending summary judgment motion sought to enjoin implementation of the Executive Order only as applied to Plaintiff States. *Id.* at 9-10 (citing, e.g., Dkt. 97-1 at 2-4). Plaintiff States argued that permissive intervention should be denied for the same reasons but noted that they would not oppose Appellants' participation as amici. *Id.* at 10.

The district court denied Appellants' motion to intervene in this case but allowed them to participate as amici. Dkt. 140. The court explained that Appellants "have not met their burden to intervene as of right alongside Defendants" because they did not make a "'strong affirmative showing'" to rebut

the presumption that the federal government will adequately represent their interests. *Id.* at 2 (quoting *Victim Rts. L. Ctr. v. Rosenfelt*, 988 F.3d 556, 561 (1st Cir. 2021); *Pub. Serv. Co. of New Hampshire v. Patch*, 136 F.3d 197, 207 (1st Cir. 1998)). The court also denied their request for permissive intervention because this case seeks injunctive relief only "as to the Plaintiff States," and Appellants "provided the court with no reason to find that arguments as to any spill-over effect of the relief requested by the Plaintiff States will not be vigorously asserted by the [federal] government." *Id.* at 2-3. The court noted that it had granted Appellants permissive intervention in the *League of Women Voters* case, *id.* at 3, where the plaintiffs opposed permissive intervention based only on Appellants' desire to transfer the case, which the court had since denied, *see* 1:26-cv-11549-IT (D. Mass.), Dkt. 106. And the court also noted that, because briefing on the pending motions was consolidated between the two cases, Appellants "may cross-file their briefs as intervenors" in the *League of Women Voters* case as "briefs of *amicus curiae* in this action." Dkt. 140 at 3.

Appellants appealed, Dkt. 141, and filed this motion to expedite.

## ARGUMENT

1. Expediting this appeal is neither necessary nor warranted because Appellants may protect any cognizable interests they may have in this case by

continuing to participate in the pending district court proceedings as amici in the current case and as intervenors in the consolidated *Leage of Women Voters* case.

As noted above, Appellants have been granted permissive intervention in the *League of Women Voters* case, which is consolidated with this case for purposes of briefing both sets of plaintiffs' pending motions and Defendants' cross-motions for dismissal and summary judgment. Dkts. 88, 140. A hearing on all the motions will be held June 2. Dkt. 88. And pursuant to the district court's orders, because briefing in the two cases has been consolidated, Appellants "may cross-file their briefs as intervenors in [*League of Women Voters*] as briefs of *amicus curiae* in this action." Dkt. 140 at 3. Accordingly, any dispositive motion or reply brief that Appellants file in *League of Women Voters* can be cross-filed as amicus briefs in this case. Appellants also will presumably appear at the district court's June 2 hearing in their capacity as intervenors in *League of Women Voters*, so they will have an opportunity to have their arguments heard there as well.

Appellants premise their motion to expedite on the assertion that "if this Court does not act quickly, Appellants' ability to fully participate in this case will be severely prejudiced and potentially lost altogether." Mot. at 3. But their ability to participate in the pending district court briefing and the June 2 hearing make clear that is not so. *Cf. Victim Rts. L. Ctr.*, 988 F.3d at 564 (noting amicus participation can "provide[] sufficient opportunity for [movant-intervenors] to present their

view"). Appellants' motion never explains how expediting this appeal would materially alter their participation in the pending district court proceedings or their ability to protect any interests they may have in this case. And to the extent Appellants complain they are now unable to file a motion to dismiss Plaintiff States' complaint, they notably declined to attach any such responsive pleading to their motion to intervene—notwithstanding Federal Rule of Civil Procedure 24(c)'s requirement that they do so. *See supra*, 5.

Further, if the outcome of the pending motions and June 2 hearing is such that this case continues to proceed in the district court, resolution of this appeal in the normal course could still allow Appellants to participate in those proceedings as parties should this Court reverse their denial of intervention. If the outcome of the pending motions in this case results in another appeal to this Court, that appeal could be consolidated with this one—which would preserve Appellants' ability to participate in the case and would also be a more efficient way for the Court to consider the appeals together, rather than in piecemeal fashion. And in the highly unlikely event that Defendants decline to appeal a district court decision in Plaintiff States' favor, Appellants could presumably renew their request to intervene on that basis. *See Mass. Food Ass'n v. Mass. Alcoholic Beverages Control Comm'n*, 197 F.3d 560, 568 (1st Cir. 1999) (noting that "if the [defendant] refused to appeal from a defeat, a would-be intervenor could then seek to intervene").

2. Expedition of this appeal is also unwarranted because—given the limited scope of Plaintiff States' requested injunctive relief—it is not even clear that Appellants have a protectable interest that would be impaired or impeded by this case. Appellants' claimed interest below relied on the mistaken assumption that Plaintiff States sought nationwide injunctive relief. *See, e.g.*, Dkt. 74 at 14 ("If Plaintiffs succeed in enjoining enforcement of the Executive Order, the federal government will be blocked from providing the State Citizenship List to States that want to receive it. This lawsuit could thus prevent the Intervener States from obtaining a valuable resource from the federal government."). But, in fact, Plaintiff States seek to enjoin implementation of the Executive Order only "as applied to Plaintiff States themselves." Dkt. 113 at 1, 9; *see supra*, 3-4, 6.

Appellants' motion to expedite notably fails to acknowledge the limited scope of the requested injunction in this case. That omission is telling, given that the scope of injunctive relief was one of the primary bases on which the district court denied them permissive intervention. Dkt. 140 at 2-3. The omitted limitation also undermines Appellants' attempt to characterize the district court's order here as "bizarre[]" compared to the other recent intervention rulings. Mot. at 2-3. While Appellants were granted permissive intervention in the four other cases challenging the Executive Order, the scope of relief sought by Plaintiff States distinguishes this case from those four and supports the district court's order here.

In attempting to discredit the district court's order, Appellants' motion also fails to acknowledge that they were denied intervention as of right in all five cases, where the federal government has consistently maintained that it adequately represents their interests. *See supra* 5-7 & n.2.[3] Appellants suggest the district court abused its discretion in this case because it relied in part on Defendants' adequate representation to deny permissive intervention, and—according to Appellants—adequacy of representation "should be relevant only for intervention as of right," and not for permissive intervention. Mot. at 4. But this Court has repeatedly held otherwise. *See, e.g.*, *T-Mobile Ne. LLC v. Town of Barnstable*, 969 F.3d 33, 41 (1st Cir. 2020) ("[A] district court considering requests for permissive intervention should ordinarily give weight to whether the original parties to the action adequately represent the interests of the putative intervenors."); *see also Victim Rts. L. Ctr.*, 988 F.3d at 564; *Mass. Food Ass'n*, 197 F.3d at 568.

3. Appellants' request for an extraordinarily expedited briefing schedule should also be denied because it would significantly prejudice Plaintiff States. Appellants propose that Plaintiffs State should have only 7 days to prepare and file their answering brief in this appeal, Mot. at 4—less than one-fourth the default 30-

[3] The motions to dismiss filed in the consolidated D.D.C. cases further confirm that Defendants and Appellants are in legal lockstep for purposes of adequate representation. *Compare* No. 1:26-cv-01114-CJN (D.D.C.), Dkt. 106-1 at 7-26, *with id.*, Dkt. 77-3 at 12-32.

day period that an ordinary briefing schedule affords. *See* First Cir. Rule 31(a)(1); Fed. R. App. P. 31(a)(1). Counsel for Plaintiff States have preexisting deadlines and work demands during the period that Appellants propose, including in this case below, that render the schedule unworkable. For example, the proposed 7-day period would substantially overlap with the period in which Plaintiff States will be simultaneously briefing their combined opposition to Defendants' dispositive motion (as well as Appellants' amicus brief) and reply in support of their own summary judgment motion. *See* Dkt. 88 (setting Plaintiff States' deadline as May 14 at 11 p.m. EDT). Appellants' proposed expedited briefing schedule in this appeal should not be permitted to substantially prejudice Plaintiff States' dispositive briefing in the case below.

Appellants try to downplay the burden on Plaintiff States by suggesting that the intervention arguments "have already been fully briefed by the parties, and rebriefing the same issues on appeal should not be particularly burdensome." Mot. at 4. But that same logic would justify expediting almost *every* appeal. *See Doe v. Trump*, 157 F.4th 36, 53 (1st Cir. 2025) ("Ordinarily, of course, arguments may not be advanced for the first time on appeal."). Affording Plaintiff States the default 30-day briefing period in this appeal would help ensure they have adequate time to prepare their answering brief, which will require coordination among 24 Plaintiff

States; complete required review processes within their respective offices; and finalize their brief in a way that will be most helpful to the Court.

To the extent Appellants wish to speed up this appeal, they remain free—as this Court has noted elsewhere—to file their opening brief as far in advance of their own deadline as they wish. *See* Fed. R. App. P. 31(a)(1) (setting appellees' answering brief deadline as "30 days after the appellants' brief is served"); *see also, e.g.*, Order Denying Motion to Expedite, *United States v. Canales-Ramos*, No. 21-1141 (1st Cir. Mar. 1, 2021); Order Denying Motion to Expedite, *United States v. Aguilera-Enchautegui*, No. 20-2018 (1st Cir. Nov. 12, 2020). And absent some especially unusual circumstances, Plaintiff States will not seek—and would not expect this Court to grant—any extension of their answering brief deadline.

## CONCLUSION

The Court should deny the motion to expedite and instead enter a standard briefing schedule in the ordinary course.

Dated: May 6, 2026

Respectfully Submitted,


ANDREA JOY CAMPBELL
*Attorney General of Massachusetts*

M. PATRICK MOORE
*First Assistant Attorney General*
DAVID C. KRAVITZ
*State Solicitor*
VANESSA A. ARSLANIAN
*State Trial Counsel*
JARED B. COHEN
JAK KUNDL
*Assistant Attorneys General*
One Ashburton Place
Boston, MA 02108
(617) 963-2107
Vanessa.Arslanian@mass.gov

*Counsel for the Commonwealth of Massachusetts*

ROB BONTA
*Attorney General of California*

By: */s/ Ian Fein*
SAMUEL T. HARBOURT
*Solicitor General*
JOSHUA A. KLEIN
*Supervising Deputy Solicitor General*
IAN FEIN
*Deputy Solicitor General*
THOMAS S. PATTERSON
*Senior Assistant Attorney General*
SETH E. GOLDSTEIN
*Supervising Deputy Attorney General*
ANNE P. BELLOWS
KEVIN L. QUADE
MALCOLM A. BRUDIGAM
MICHAEL S. COHEN
ROBERT WILLIAM SETRAKIAN
*Deputy Attorneys General*
California Department of Justice
455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102-7004
(415) 510-3466
Ian.Fein@doj.ca.gov

*Counsel for the State of California*

AARON D. FORD
*Attorney General of Nevada*

HEIDI PARRY STERN
*Solicitor General*
K. BRUNETTI IRELAND
*Chief of Special Litigation*
1 State of Nevada Way, Suite 100
Las Vegas, NV 89119
(702) 486-9246
hstern@ag.nv.gov

*Counsel for the State of Nevada*

NICHOLAS W. BROWN
*Attorney General of Washington*

TERA M. HEINTZ
CRISTINA SEPE
KARL D. SMITH
*Deputy Solicitors General*
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200
Tera.Heintz@atg.wa.gov

*Counsel for the State of Washington*

KRISTIN K. MAYES
*Attorney General of Arizona*

KARA KARLSON
KAREN J. HARTMAN-TELLEZ
JOSHUA M. WHITAKER
SYREETA TYRELL
*Assistant Attorneys General*
2005 North Central Avenue
Phoenix, AZ 85004
(602) 542-8118
Kara.Karlson@azag.gov

*Counsel for the State of Arizona*

PHILIP J. WEISER
*Attorney General of Colorado*

SHANNON STEVENSON
*Solicitor General*
PETER BAUMANN
*Senior Assistant Attorney General*
1300 Broadway
Denver, CO 80203
(720) 508-6400
Shannon.Stevenson@coag.gov

*Counsel for the State of Colorado*

WILLIAM TONG
*Attorney General of Connecticut*

MAURA MURPHY
*Deputy Associate Attorney General*
165 Capitol Avenue, Suite 5000
Hartford, CT 06106
(860) 808-5020
Maura.Murphy@ct.gov

*Counsel for the State of Connecticut*

KATHLEEN JENNINGS
*Attorney General of Delaware*

IAN R. LISTON
*Director of Impact Litigation*
VANESSA L. KASSAB
*Deputy Attorneys General*
820 N. French Street
Wilmington, DE 19801
(302) 683-8899
Ian.Liston@delaware.gov

*Counsel for the State of Delaware*

KWAME RAOUL
*Attorney General of Illinois*

ALEX HEMMER
*Deputy Solicitor General*
115 S. LaSalle Street
Chicago, IL 60603
(312) 814-5526
Alex.Hemmer@ilag.gov

*Counsel for the State of Illinois*

AARON M. FREY
*Attorney General of Maine*

KATHERINE W. THOMPSON
*Special Counsel*
6 State House Station
Augusta, ME 04333
(207) 626-8800
Kate.Thompson@maine.gov

*Counsel for the State of Maine*

ANTHONY G. BROWN
*Attorney General of Maryland*

VIRGINIA A. WILLIAMSON
*Assistant Attorney General*
200 Saint Paul Place
Baltimore, MD 21202
(410) 576-6584
vwilliamson@oag.state.md.us

*Counsel for the State of Maryland*

DANA NESSEL
*Attorney General of Michigan*

NEIL GIOVANATTI
ERIK GRILL
*Assistant Attorneys General*
P.O. Box 30736
Lansing, MI 48909
(517) 335-7659
grille@michigan.gov

*Counsel for the State of Michigan*

KEITH ELLISON
*Attorney General of Minnesota*

ANGELA BEHRENS
ALLEN COOK BARR
*Assistant Attorneys General*
LINDSEY E. MIDDLECAMP
*Special Counsel*
445 Minnesota Street, Suite 600
St. Paul, MN 55101
(651) 300-0711
Angela.Behrens@ag.state.mn.us

*Counsel for the State of Minnesota*

JENNIFER DAVENPORT
*Attorney General of New Jersey*

MEGHAN K. MUSSO
JONATHAN MANGEL
JOSHUA P. BOHN
*Deputy Attorneys General*
124 Halsey Street, 5th Floor
Newark, NJ 07101
(609) 696-5276
Meghan.Musso@law.njoag.gov

*Counsel for the State of New Jersey*

RAUL TORREZ
*Attorney General of New Mexico*

BAILEY COLFAX
*Assistant Attorney General*
408 Galisteo Street
Santa Fe, NM 87501
(505) 490-4060
bcolfax@nmdoj.gov

*Counsel for the State of New Mexico*

LETITIA JAMES
*Attorney General of New York*

BARBARA D. UNDERWOOD
*Solicitor General*
JUDITH N. VALE
*Deputy Solicitor General*
RABIA MUQADDAM
*Chief Counsel, Federal Initiatives*
28 Liberty Street
New York, NY 10005
(212) 416-6046
Judith.Vale@ag.ny.gov

*Counsel for the State of New York*

JEFF JACKSON
*Attorney General of North Carolina*

LAURA HOWARD
*Chief Deputy Attorney General*
DANIEL P. MOSTELLER
*Associate Deputy Attorney General*
114 W. Edenton Street
Raleigh, NC 27603
(919) 716-6026
dmosteller@ncdoj.gov

*Counsel for the State of North Carolina*

DAN RAYFIELD
*Attorney General of Oregon*

THOMAS H. CASTELLI
*Special Assistant Attorney General*
100 SW Market Street
Portland, OR 97201
(971) 673-1880
Thomas.Castelli@doj.oregon.gov

*Counsel for the State of Oregon*

PETER F. NERONHA
*Attorney General of Rhode Island*

JAMES J. ARGUIN
*Special Assistant Attorney General*
150 South Main Street
Providence, RI 02903
(401) 274-4400
jarguin@riag.ri.gov

*Counsel for the State of Rhode Island*

CHARITY R. CLARK
*Attorney General of Vermont*

RYAN P. KANE
*Deputy Solicitor General*
109 State Street
Montpelier, VT 05609
(802) 828-2153
Ryan.Kane@vermont.gov

*Counsel for the State of Vermont*

JAY JONES
*Attorney General of Virginia*

TILLMAN J. BRECKENRIDGE
*Solicitor General*
202 North Ninth Street
Richmond, VA 23219
(804) 786-7704
tbreckenridge@oag.state.va.us

*Counsel for the Commonwealth of Virginia*

JOSHUA L. KAUL
*Attorney General of Wisconsin*

LYNN LODAHL
*Assistant Attorney General*
17 West Main Street
Madison, WI 53707
(608) 264-6219
Lynn.Lodahl@wisdoj.gov

*Counsel for the State of Wisconsin*

BRIAN L. SCHWALB
*Attorney General of the District of Columbia*

CAROLINE S. VAN ZILE
*Solicitor General*
400 6th Street, NW
Washington, DC 20001
(202) 724-6609
caroline.vanzile@dc.gov

*Counsel for the District of Columbia*

JOSH SHAPIRO
*Governor of the Commonwealth of Pennsylvania*

MICHAEL J. FISCHER
*Executive Deputy General Counsel*
JACOB B. BOYER
*Deputy General Counsel*
30 North Third Street, Suite 200
Harrisburg, PA 17101
(717) 831-2847
mjfischer@pa.gov

*Counsel for the Governor of the Commonwealth of Pennsylvania*

## CERTIFICATE OF COMPLIANCE

The foregoing PLAINTIFFS-APPELLEES' OPPOSITION TO MOTION TO EXPEDITE complies with Federal Rule of Appellate Procedure 27(d)(2) because it contains 3,012 words. The foregoing opposition also complies with the typeface requirements of Federal Rules of Appellate Procedure 27(d)(1)(E) and 32(a)(5) because it uses Times New Roman 14-point font.

*/s/ Ian Fein*
Ian Fein

## CERTIFICATE OF SERVICE

On May 6, 2026, I electronically filed the foregoing motion with the Clerk of the Court for the United States Court of Appeals for the First Circuit using the appellate CM/ECF system. Counsel for all parties to the case are registered CM/ECF users and will be served by the appellate CM/ECF system.

*/s/ Ian Fein*
Ian Fein