**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIRST CIRCUIT**

| | |
|---|---|
| STATE OF CALIFORNIA, *et al.*,<br><br>Plaintiffs-Appellees,<br><br>v.<br><br>STATE OF MISSOURI, STATE OF ALABAMA, STATE OF FLORIDA, STATE OF INDIANA, STATE OF KANSAS, STATE OF LOUISIANA, STATE OF MONTANA, STATE OF NEBRASKA, STATE OF OKLAHOMA, STATE OF SOUTH CAROLINA, STATE OF SOUTH DAKOTA, and STATE OF TEXAS,<br><br>Proposed Intervener Defendants – Appellants,<br><br>DONALD J. TRUMP, in his official capacity as President of the United States, *et al.*,<br><br>Defendants-Appellees. | Case No. 26-1506 |

**PROPOSED INTERVENER-APPELLANTS'**
**REPLY IN SUPPORT OF MOTION TO EXPEDITE APPEAL**

Plaintiff States devote a surprising amount of energy to keeping their fellow States out of a lawsuit *they* initiated to address the division of authority over elections between the federal government and the States. They continue that effort on appeal—opposing a briefing schedule designed to ensure proposed Intervener States can have their intervention rights adjudicated before this case is decided on the merits. In opposing expedition, Plaintiff States make a few arguments, but each fails.

*First*, Plaintiff States say (at 7–9) expedition is not needed because proposed Intervener States are a party in the other case consolidated with this one. But the ability to participate as a party in that case is not real protection. In this case, Plaintiff States are seeking a summary judgment that would render the entire EO unenforceable. R. Doc. 97 (Mot.). In the consolidated case where proposed Intervener States were admitted as parties, those plaintiffs are seeking only a preliminary injunction. *See* Mot. for PI, *LWV of Mass. v. Trump*, No. 1:26-cv-11549-IT (Apr. 73, 2026), ECF 73. If the District Court chooses to enter final judgment in Plaintiffs' favor in this case, then the request for a

preliminary injunction in the other case would likely become moot. *See Burbank-Glendale-Paadena Airport Auth. v. City of Los Angeles*, 979 F.2d 1338, 1340 n1. (9th Cir. 1992). That could easily leave the proposed Intervener States as a non-party while this case proceeds to stay and merits briefing at this Court and potentially the U.S. Supreme Court. Unless this Court acts with expedition, proposed Intervener States could easily be denied their seat at the table for the dispositive part of the case. Proposed Intervener States' briefing schedule avoids that risk.

*Second*, Plaintiff States question whether proposed Intervener States' interests are adequately represented. R. Doc. 113 at 5–9. However, Plaintiff States' standing arguments overlap with whether proposed Intervener States' interests are adequately represented. *Compare* R. Doc. 65 (First Am. Compl.) ¶ 138 (asserting "States' sovereign interests in conducting elections in accordance with duly enacted state and federal law"), *with* R. Doc. 74 (Memo. in Support of Intervention) at 16 ("Intervener States will vigorously defend state sovereignty over elections and resist federal commandeering attempts."). Yet Plaintiff States believe only they should be allowed to assert that sovereign interest in this case? Curious.

Trying to get out of their double-speak, Plaintiff States point (at 10–11) to their "limited scope of . . . requested injunctive relief"—suggesting the District Court could somehow invalidate the EO's application only *within their jurisdictions*. But Plaintiff States sought declaratory relief against the entire EO in their summary judgment motion and requested full injunctive relief against the EO in their complaint. *See* R. Doc. 97 (Mot.); R. Doc. 106 (Memo. in Support); R. Doc. 65 (First Am. Compl.) at 45. That is nationwide relief that would prevent the federal government from implementing any part of the EO—including the parts that indisputably and directly benefit proposed Intervener States. *See Franklin v. Massachusetts*, 505 U.S. 788, 803 (1992); *In re Fin. Oversight & Mgmt. Bd. for P.R.*, 919 F.3d 638, 648 (1st Cir. 2019). It is thus obvious that Plaintiff States' lawsuit—if it prevails—would impair proposed Intervener States' uncontested interests in the EO. Just as Plaintiff States argue that their requested relief will protect their interests, any district court order enjoining the EO or declaring it illegal would directly undermine proposed Intervener States' interests. Basic principles of fairness suggest this is two halves of the same coin.

*Third*, Plaintiff States question (at 11–13) whether they have enough time to brief intervention in a week. Yet they filed a substantive brief opposing expedition just two days after proposed Intervener States requested expedition. And proposed Intervener States are offering to brief the issue with *less time*. Additionally, Plaintiff States made the strategic choice to oppose intervention. They could have chosen not to oppose (like the plaintiffs in the consolidated case effectively did). But having convinced the District Court to deny proposed Intervener States' the right to defend their interests, Plaintiff States cannot now complain about the burden of defending that decision on appeal.

Appellants respectfully request that the Court grant the motion to expedite.

Date: May 6, 2026

Respectfully submitted,

**STEVE MARSHALL**
ALABAMA ATTORNEY GENERAL

*/s/ A. Barrett Bowdre*
A. Barrett Bowdre*
*Solicitor General*
STATE OF ALABAMA
OFFICE OF THE ATTORNEY GENERAL
501 Washington Avenue
Montgomery, Alabama 36104
Telephone: (334) 353-8892
Fax: (334) 353-8400
Barrett.Bowdre@AlabamaAG.gov

**CATHERINE L. HANAWAY**
MISSOURI ATTORNEY GENERAL

*/s/ Louis J. Capozzi III*
Louis J. Capozzi III,1215872
*Solicitor General*
Graham D. Miller, #1222440
*Deputy Solicitor General*
J. Michael Patton*
*Deputy Solicitor General*
Benjamin S. Gilberg*
*Deputy Solicitor General*
Missouri Attorney General's Office
815 Olive Street, Suite 200
St. Louis, MO 63101
Tel. (573) 645-9662
Fax (573) 751-0774
Louis.Capozzi@ago.mo.gov
Graham.Miller@ago.mo.gov
Michael.Patton@ago.mo.gov
Benjamin.Gilberg@ago.mo.gov

**JAMES UTHMEIER**
FLORIDA ATTORNEY GENERAL

*/s/ David M.S. Dewhirst*
David M.S. Dewhirst*
*Solicitor General*
Jason J. Muehlhoff*
*Chief Deputy Solicitor General*
Office of the Attorney General
PL-01, The Capitol
Tallahassee, FL 32399-1050
(850) 414-3300
david.dewhirst@myfloridalegal.com
jason.muehlhoff@myfloridalegal.com

**THEODORE E. ROKITA**
INDIANA ATTORNEY GENERAL

/s/ *James A. Barta*
James. A Barta*
*Solicitor General*
Office of the Indiana Attorney General
302 W. Washington Street
IGC South, Fifth Floor
Indianapolis, IN 46204-2770
Phone: (317) 232-0709
Fax: (317) 232-7979
James.Barta@atg.in.gov

**KRIS W. KOBACH**
KANSAS ATTORNEY GENERAL

*/s/ James R. Rodriguez*
James R. Rodriguez*
*Assistant Attorney General*
Kansas Office of the Attorney General
Topeka, Kansas 66612
Phone: (785) 368-8197
jay.rodriguez@ag.ks.gov

**ELIZABETH B. MURRILL**
LOUISIANA ATTORNEY GENERAL

*/s/ J. Benjamin Aguiñaga*
J. Benjamin Aguiñaga*
*Solicitor General*
Louisiana Department of Justice
1885 N. Third St.
Baton Rouge, LA 70802
(225) 506-3746
AguinagaB@ag.louisiana.gov

**AUSTIN KNUDSEN**
MONTANA ATTORNEY GENERAL

*/s/ Christian B. Corrigan*
Christian B. Corrigan*
*Solicitor General*
Montana Department of Justice
215 N. Sanders Helena, MT 59601
(406) 444-2707 (o)
Christian.Corrigan@mt.gov

**MICHAEL T. HILGERS**
NEBRASKA ATTORNEY GENERAL

/s/ *Cody S. Barnett*
Cody S. Barnett*
*Solicitor General*
Nebraska Department of Justice
1445 K Street, Room 2115
Lincoln, Nebraska 68508
Tel.: (402) 471-2683
Fax: (402) 471-3297
cody.barnett@nebraska.gov

**GENTER DRUMMOND**
OKLAHOMA ATTORNEY GENERAL

*/s/ Garry M. Gaskins, II*
Garry M. Gaskins, II*
*Solicitor General*
Office of the Attorney General of Oklahoma
313 NE Twenty-First St.
Oklahoma City, OK 73105
(405) 521-3921
garry.gaskins@oag.ok.gov

**ALAN WILSON**
SOUTH CAROLINA ATTORNEY GENERAL

*/s/ Joseph D. Spate*
Joseph D. Spate*
*Deputy Solicitor General*
1000 Assembly Street
Columbia, South Carolina 29201
Tel. (803) 734-3371
Fax (803) 734-3677
josephspate@scag.gov

**MARTY J. JACKLEY**
SOUTH DAKOTA ATTORNEY GENERAL

/s/ *Grant Flynn*
Grant Flynn*
*Assistant Attorney General*
South Dakota Office of the Attorney General
1302 East SD Highway 1889, Suite 1
Pierre, SD 57501-8501
Telephone: (605) 773-3215
Email: grant.flynn@state.sd.us

**KEN PAXTON**
TEXAS ATTORNEY GENERAL

/s/ *David Bryant*
David Bryant*
*Senior Special Counsel*
Office of the Attorney General of Texas
Special Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Tel.: (512) 463-2100
david.bryant@oag.texas.gov

/s/ *Ian D. Prior*
Ian D. Prior (Bar No. 655704)
America First Legal Foundation
611 Pennsylvania Ave S.E. No. 231
Washington, D.C. 20003
(410) 205-9681
ian.prior@aflegal.org

* *Pro hac vice forthcoming*

**CERTIFICATE OF COMPLIANCE**

This filing complies with the type-volume limit of Fed. R. App. P. 27(d)(2)(C) because, excluding the parts exempted by Fed. R. App. P. 32(f), it contains 711 words as determined by the word-counting feature of Microsoft Word 2016.

This filing also complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared using Microsoft Word 2016 in 14-point proportionally spaced Century Schoolbook font.

**CERTIFICATE OF SERVICE**

I certify that on May 6, 2026, I electronically filed the foregoing motion with the Clerk of the Court by using the CM/ECF system, and that the CM/ECF system will accomplish service on all parties represented by counsel who are registered CM/ECF users. *See* Fed. R. App. P. 25(c)(2).

/s/ *Louis J. Capozzi III*